UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| KEVIN S. TURNER, | |
|---|---|
| Plaintiff, | |
| v. | CAUSE NO.: 3:19-CV-822-RLM-MGG |
| INDIANA DEPARTMENT OF CORRECTIONS, et al., | |
| Defendants. | |

OPINION AND ORDER

Kevin S. Turner, a prisoner without a lawyer, filed a complaint. This court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . ." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

Mr. Turner's complaint alleges that, during his time at the Westville Correctional Facility, he maintained a particular hairstyle as an expression of his religious beliefs. On October 23, 2017, Sergeant Reed told him that he had to change his hairstyle to keep his job as a cleaner in the administration building. Later that day, Captain Lewis also told him that he needed to change his hairstyle to keep his job. When Mr. Turner asserted his religious beliefs, Captain Lewis told him that his orders came from Warden Sevier and Major Cornett. Mr. Turner changed his hairstyle that evening. Despite these efforts to comply, on

October 24, Lieutenant Halloran told Mr. Turner that Captain Lewis had fired him from his cleaning job. Mr. Turner filed a grievance.

On October 28, Officer Saldana took Mr. Turner to Lieutenant Halloran's office. Mr. Turner asked for a transfer, and Lieutenant Halloran said he could make that happen. Officer Saldana fabricated a conduct report stating that Mr. Turner had threatened Lieutenant Halloran with violence, and shortly thereafter, he was transferred from the Westville Correctional Facility to the Westville Control Unit. After a disciplinary hearing, Mr. Turner was sanctioned with a loss of one hundred eighty days of earned credit time. He further lost the chance to reduce his sentence by 183 days through a program maintained by the United States Department of Labor.

Mr. Turner asserts Section 1983 claims against the defendants for requiring him to cut his hair to retain his job and for terminating him when he informed them of his religious beliefs.[1] Prisoners have a right to exercise their religion under the Free Exercise Clause of the First Amendment. Vinning-El v. Evans, 657 F.3d 591, 592-593 (7th Cir. 2011). Nevertheless, correctional officials may restrict the exercise of religion if the restrictions are reasonably related to legitimate penological objectives, which include safety, security, and financial concerns. Turner v. Safley, 482 U.S. 78, 89-91 (1987). Based on these job-related allegations, Mr. Turner states a plausible claim under the Free Exercise Clause

---

[1] Though Mr. Turner asserts Eighth Amendment claims against the defendants for the loss of his job, these allegations involve religious discrimination rather than "the unnecessary wanton infliction of pain," see Hudson v. McMillian, 503 U.S. 1 (1992), so the court will construe the claims accordingly.

2

against Sergeant Reed, Captain Lewis, Lieutenant Halloran, Warden Sevier, and Major Cornett.

Mr. Turner also asserts State law claims of negligence and negligent infliction of emotional distress against the defendants based on the job-related allegations. Under Indiana law, "[T]o prevail on a claim of negligence the plaintiff must show: (1) duty owed to plaintiff by defendant; (2) breach of duty by allowing conduct to fall below the applicable standard of care; and (3) compensable injury proximately caused by defendant's breach of duty." Williams v. Cingular Wireless, 809 N.E.2d 473, 476 (Ind. Ct. App. 2004). Though Indiana law recognizes claims of negligent infliction of emotion distress, "[e]ach of the rules of recovery for negligent infliction of emotional distress requires impact upon or the threat of injury to a person—either the plaintiff herself or her loved one." Ketchmark v. N. Indiana Pub. Serv. Co., 818 N.E.2d 522, 524 (Ind. Ct. App. 2004). Mr. Turner can't proceed on claim of negligence because the allegations related to the claim of negligence are vague. Mr. Turner asserts that the defendants owed him a number of duties, but he doesn't explain how each defendant violated them. Further, he can't proceed on the claim of negligent infliction of emotional distress because his allegations don't involve physical impact upon or the threat of injury to a person. The State law claims are dismissed.

Mr. Turner asserts claims against the defendants for conspiring to fabricate a conduct report and seeks injunctive relief for the restoration of his earned credit time. "[A] state prisoner's claim for damages is not cognizable under

42 U.S.C. § 1983 if a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence, unless the prisoner can demonstrate that the conviction or sentence has previously been invalidated." Edwards v. Balisok, 520 U.S. 641, 643 (1997). This rule also extends to claims challenging the loss of good time credit in prison disciplinary actions. Id. at 648. Mr. Turner indicates that he was found guilty of threatening an officer but doesn't allege that the finding of guilt has since been invalidated. Because finding that the underlying conduct report was fabricated would inherently undermine the validity of the disciplinary finding of guilt, he can't proceed on these allegations in this case or against Officer Saldana. If Mr. Turner seeks to challenge his disciplinary proceedings, he may file a habeas petition under 28 U.S.C. § 2254.

Mr. Turner also names the Indiana Department of Correction and Commissioner Carter as defendants. The Constitution's Eleventh Amendment provides: "The Judicial Power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." The Eleventh Amendment bars "a suit by a citizen against the citizen's own State in Federal Court." Johns v. Stewart, 57 F.3d 1544, 1552 (7th Cir. 1995). The Eleventh Amendment's jurisdictional bar extends to state agencies, such as the Department of Correction, as well as to the State itself. See Kashani v. Purdue University, 813 F.2d 843 (7th Cir. 1987). A State may elect to waive its Eleventh Amendment immunity, but the State of Indiana hant done that. Meadows v. State of Indiana, 854 F.2d 1068, 1069 (7th Cir. 1988). Further,

4

"[Section] 1983 lawsuits against individuals require personal involvement in the alleged constitutional deprivation to support a viable claim." Palmer v. Marion Cty., 327 F.3d 588, 594 (7th Cir. 2003). Mr. Turner doesn't allege that Commissioner Carter is personally involved with his claims. He can't proceed against the Indiana Department of Correction or Commissioner Carter, and these defendants are dismissed.

As a final matter, the court observes Mr. Turner has accrued three strikes under the Prison Litigation Reform Act, and the complaint contains no indication that he is in imminent danger of physical harm. This means that Mr. Turner can't proceed in forma pauperis in this case and that the court won't serve any defendants for free pursuant to 28 U.S.C. § 1915(d).[2] Rather, he is responsible for serving the defendants with the complaint as required by Federal Rule of Civil Procedure 4. If he would like to have the United States Marshals Service serve the defendants by certified mail, he must send the summons with sufficient copies of the complaint, properly completed USM-285 forms, and a check for the appropriate amount ($24.00 for each unserved defendant) to: United States Marshals Service, Room 233, 204 South Main Street, South Bend, IN 46601.

For these reasons, the court:

(1) GRANTS Kevin S. Turner leave to proceed on a First Amendment claim against Sergeant Reed, Captain Lewis, Lieutenant Halloran, Warden Sevier, and

---

[2] The defendants removed this case from State court before two of the five remaining defendants were served: Lieutenant Halloran and Sergeant Reed. ECF 1.

Major Cornett for money damages for violating his right to exercise his religion by requiring him to change his hairstyle for his job and by firing him;

(2) DISMISSES the Indiana Department of Correction, Commissioner Carter, and Officer Saldana;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to sign and seal the summons and send them to Kevin S. Turner with two blank USM-285 forms and a copy of the complaint (ECF 9); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), that the defendants respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claims for which Kevin S. Turner has been granted leave to proceed in this screening order.

SO ORDERED on October 21, 2019

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT