UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| KEVIN S. TURNER, | |
| Plaintiff, | |
| v. | CAUSE NO. 3:19-CV-822-RLM-MGG |
| MARK SEVIER, et al., | |
| Defendants. | |

OPINION AND ORDER

Kevin S. Turner, a prisoner without a lawyer, proceeds on First Amendment claims against five defendants for violating his right to exercise his religion by requiring him to change his hairstyle for his job and then firing him. Mr. Turner has moved for summary judgment against Warden Mark Sevier. Warden Sevier didn't respond to the motion, but Warden Sevier and co-defendants Chad Cornett and Gary Lewis filed a single cross-motion for summary judgment. Mr. Turner filed a response to that motion, and the moving defendants filed a reply. The motions are ripe for ruling.

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing

law will properly preclude the entry of summary judgment." *Id.* To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. Ogden v. Atterholt, 606 F.3d 355, 358 (7th Cir. 2010). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." Goodman v. Nat'l Sec. Agency, Inc., 621 F.3d 651, 654 (7th Cir. 2010).

I. UNDISPUTED MATERIAL FACTS

In October 2019, Mr. Turner was incarcerated at Westville Correctional Facility. Mr. Turner believes in "Universal Eternal Spirit Consciousness," which he describes as "an awareness [. . .] that the Eternal Holy Spirit is central to all religion and transcends the boundaries of all religious denominations and sects." ECF 47 at 9. He considers his hairstyle[1] a "spiritual symbol" of these beliefs. *Id.* at 9-10. Mr. Turner states that his hair represents the crown chakra, a Buddhist symbol, and that it allows like-minded people to identify him, like a tattoo would. Turner Dep. 25:11-19, 33:21-34:10 (ECF 58-1).

On October 17, 2019, Mr. Turner was assigned to a job cleaning the administration building of the prison. ECF 47-1 at 10. On October 23, several

---

[1] Mr. Turner submitted photographs of his hairstyle as an exhibit to his motion. *See* ECF 47-1 at 8.

prison officers told him that he would have to change his hairstyle if he wanted to keep his job. *Id.* at 5. He refused to do so, and was sent back to his dorm. *Id.* Mr. Turner was fired from his job on Warden Sevier's orders. *Id.* at 5-6; Turner Dep. 31:5-22. In response to his grievance, the prison stated that offenders working in the administration building should maintain a "clean, professional, and positive appearance," and his hairstyle was "inappropriate and not a positive reflection of professionalism." *Id.* at 6.

## II. ANALYSIS

Prisoners enjoy a limited right to exercise their religion under the First Amendment. Vinning-El v. Evans, 657 F.3d 591, 592-93 (7th Cir. 2011). Their right is "subject to limits appropriate to the nature of prison life." *Id.* To succeed on his First Amendment claims, Mr. Turner must show that the prison's restrictions imposed a "substantial burden" on a "central religious belief or practice." Kaufman v. McCaughtry, 419 F.3d 678, 683 (7th Cir. 2005) (quoting Hernandez v. Comm'n of Internal Revenue, 490 U.S. 680, 699 (1989)).

Mr. Turner hasn't introduced any evidence showing that his hairstyle is central to the belief or practice of Universal Eternal Spirit Consciousness.[2] Mr. Turner describes his hairstyle as a "spiritual symbol" representing

---

[2] Although the prison told Mr. Turner his beliefs were "not a recognized IDOC approved religion," ECF 47-1 at 6, Defendants don't contest that Mr. Turner's religion is entitled to First Amendment protection. *See* Kaufman v. McCaughtry, 419 F.3d at 681 (holding that religion does not need to be a "mainstream faith," and includes belief systems that "occupy a 'place parallel to that filled by ... God in traditionally religious persons.'") (quoting Fleischfresser v. Dirs. of Sch. Dist. *200*, 15 F.3d 680, 688 n. 5 (7th Cir.1994)).

3

enlightenment and elevation. ECF 47 at 9-10. That something has symbolic value, or connects in some way to religion, doesn't necessarily make it central to religious practice. *See, e.g,* Lagar v. Tegels, 94 F. Supp. 3d 998, 1008 (W.D. Wis. 2015) (denial of a Rosicrucian emblem was not a substantial burden where the plaintiff "presented no objective evidence" that he was unable to practice the religion); Winford v. Frank, No. 06-C-1000, 2008 WL 359728, at *6 (E.D. Wis. Feb. 8, 2008) (denial of certain Satanic texts did not substantially burden the plaintiff's ability to practice Satanism); Henderson v. Kennell, No. 07-1102, 2007 WL 1424550, at *2 (C.D. Ill. May 10, 2007) ("It is doubtful the plaintiff could demonstrate that denying him an Islamic medallion substantially burdened a central religious belief or practice.").

Mr. Turner's hairstyle has symbolic value to him, but he hasn't shown that it is essential to Universal Eternal Spirit Consciousness. The record contains only general descriptions of the religion; while Mr. Turner says the hairstyle helps like-minded people identify him, nothing in the record indicates that this is a "central religious belief or practice." Even if it was, it wouldn't appear to be a substantial burden to ask Mr. Turner to refrain from this aspect of his religious practice during working hours.[3] *See* Kelly v. Mun. Court of Marion Cty., 852 F. Supp. 724, 731 (S.D. Ind. 1994) (finding no substantial burden where "[a]t a

---

[3] At his deposition, Mr. Turner indicated that he could have complied with the prison's rules by wearing his hair "down" at work and returning to his preferred hairstyle during non-working hours. Turner Dep. 21:5-14, 23:18-24:6, 26:10-25.

minimum, the Plaintiff remained free to study the Bible and to evangelize while not working").

Without evidence that his hairstyle is central to Universal Eternal Spirit Consciousness, the court can't find that the prison imposed a substantial burden on Mr. Turner's religious practice, and therefore can't find that the prison's actions violated the First Amendment. *See* Borzych v. Frank, 439 F.3d 388, 390 (7th Cir. 2006) (a plaintiff's "unreasoned say-so," without objective evidence, does not establish a substantial burden on religious practice). Because this conclusion entitles the moving defendants to summary judgment, the court needn't address whether Mr. Turner was offered another job where he could keep his hairstyle, whether each defendant was sufficiently involved in the alleged violation to be held liable under Section 1983, or whether this application of the prison's personal grooming policy advanced a legitimate penological objective.

### III. UNSERVED DEFENDANTS

In addition to the moving defendants, Mr. Turner pursues the same claim against two other defendants, Lieutenant Halloran and Sergeant Reed, neither of whom has been served. The court can grant summary judgment to the non-moving defendants "[a]fter giving notice and a reasonable time to respond." Fed. R. Civ. P. 56(f). Mr. Turner will be ordered to show cause why summary judgment should not be granted to Lieutenant Halloran and Sergeant Reed. Accordingly, the court will not yet enter final judgment.

For these reasons, the court

(1) DENIES Mr. Turner's motion for summary judgment (ECF 46);

(2) GRANTS the defendants' motion for summary judgment (ECF 58);

(3) DIRECTS that the clerk <u>should not</u> enter final judgment at this time;

(4) ORDERS Mr. Turner to show cause by **March 24, 2021**, why summary judgment should not be granted to Lieutenant Halloran and Sergeant Reed.

SO ORDERED on February 25, 2021

                                                   s/ Robert L. Miller, Jr.
                                                   JUDGE
                                                   UNITED STATES DISTRICT COURT